UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-CV-81552-RKA

CHRISTINE KROBATSCH,

    Plaintiff,
v.

TARGET CORPORATION and SCOTT
HOFFMAN, as Store Manager,

    Defendant.
_____/

## REMOVAL STATUS REPORT

COMES NOW Defendant, TARGET CORPORATION ("TARGET"), pursuant to the Court's Order dated September 16, 2020 [DE 4] submits the following as its Removal Status Report:

1. **A plain statement of the nature of the claim and any counterclaim, cross claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.**

On August 10, 2020, Plaintiff, CHRISTINE KROBATSCH ("KROBATSCH") filed her Complaint against TARGET and SCOTT HOFFMANN ("HOFFMANN") in his capacity as store manager alleging personal injuries of a "slip and fall on wine" at the Delray Beach Target store on February 23, 2020. [DE1-2]. The Complaint is based on negligence and Florida's Transitory Substance Statute (Fla. Stat. 768.0755 (2010)). There are no counterclaims, cross-claims or third-party claims.

2. **A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim.**

Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. §1332; complete diversity exists between KROBATSCH and TARGET and the amount in controversy exceeds $75,000.00. HOFFMANN was fraudulently joined solely to defeat diversity.

A. As to diversity, the parties align as follows:

   a) KROBATSCH is a citizen of Florida
   b) TARGET is a foreign corporation and deemed a citizen of Minnesota.
   c) HOFFMAN is a citizen of Florida.

The fraudulent joinder of HOFFMAN is demonstrated as follows:

- KROBATSCH sues HOFFMANN in his capacity in "managing the Delray Beach Target" store on February 23, 2020. [DE1-5: Count II].

- The duty allegations asserted against TARGET in the Complaint mirror the duty allegations asserted against HOFFMAN [DE1-2, 1-5]. In pertinent part, the Complaint alleges as follows:
    - TARGET owed to the Plaintiff a non-delegable duty to use reasonable care in the inspection, maintenance, operation, and repair of the above-described premises. It was the duty of TARGET to warn Plaintiff of the dangerous and unsafe condition. Target failed to properly maintain and examine the floors and failed to exercise reasonable care in the cleaning of its floors ¶10,12.
    - HOFFMANN owed Plaintiff a duty to use reasonable care in the inspection, maintenance, operation, repair, and cleaning of the above-described premises. Hoffmann had a duty to provide warnings of any dangerous conditions. Hoffmann failed to inspect, monitor, and maintain the floors in the area where Plaintiff fell. ¶15,16,17 (Compare Count I and Count II)

- The Complaint contains no specific allegations regarding HOFFMANN'S personal involvement in the alleged incident. A generalized duty to maintain and monitor the floors is insufficient. To establish liability against a "store manager" under Florida law, the Complaint must allege, and Plaintiff must prove, that the manager owed a duty to her and that the duty was breached through personal fault. *Kalait v. Target Corp.*, 2019 WL 423318 (M.D. Fla. 2019). Because the duty allegations set forth in KROBATSCH'S Complaint are wholly insufficient to support a claim against HOFFMANN in his individual capacity, the pleading fails on its face as a matter of law. Based thereon, it is clear that as a matter of law HOFFMANN was fraudulently joined solely to defeat diversity jurisdiction.

- Notably, KROBATSCH does not allege that HOFFMANN caused the liquid substance to be on the floor nor that he knew the substance was on the floor before she fell. This is nothing contained in the Complaint supporting any assertion or inference that HOFFMANN was "actively negligent" in causing KROBATSCH'S injuries.

- In support of this Removal, TARGET submits the Affidavit of HOFFMANN [DE1-7]. Per HOFFMANN'S affidavit, there is no possibility that KROBATSCH can prove that HOFFMANN was individually or personally responsible for causing KROBATSCH'S fall and her resulting claimed injuries. HOFFMANN attests as follows [DE1-7]:

- On February 23, 2020 I was the executive team leader of general merchandise/food at the Target located at 1200 Linton Blvd. in Delray Beach, Florida. On February 23, 2020, I was the Leader on Duty. As the Leader on Duty, I was the manager of the store.
- I have reviewed the Complaint for this cause.
- I did not see Ms. Krobatsch fall. I responded to the front end of the store after the incident occurred.
- I completed the attached Guest Incident Report [Exhibit 1] with information provided from Ms. Krobatsch. Ms. Krobatsch told me she slipped and fell on a puddle of wine on the floor. I saw Ms. Krobatsch sign the Guest Incident Report. After the Guest Incident Report was completed, I gave a copy to Ms. Krobatsch.
- I did not place, spill, drop, or throw any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they spilled, dropped, placed, saw, or was aware of any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they saw someone spill, place, or drop any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they saw a liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not see anyone spill, place or drop any liquid substance on the floor in or near the front end of the store or anywhere in the store on February 23, 2020.
- Prior to this incident, I was not aware of anyone slipping or falling in or near the front end of the store. Similarly, prior to this incident, I was not aware of anyone falling in the front end of the store as a result of a liquid substance.
- I do not know how or when the liquid substance came to be on the floor in the front end of the store on February 23, 2020.
- I have no personal knowledge as to how or when the liquid came to be on the floor in the front end department.
- On February 23, 2020, I kept a look out for liquid, debris, objects and substances on the floor. Prior to the incident on February 23, 2020, I did not see and was not made aware of the existence of the liquid substance on the store floor that day.
- I consent to removal of this case to federal court.

Based thereon, HOFFMANN has been fraudulently joined in this action solely to defeat complete diversity and should not be considered a party for diversity purposes. KROBATSCH and TARGET are citizens of different states and there is diversity of citizenship between the real parties in interest per 28 U.S.C. §1332.

B.  The "amount in controversy" requirement for jurisdiction is based upon the following:

- KROBATSCH'S Complaint seeks damages in excess of Thirty Thousand Dollars ($30,000.00). [DE1-2].

- KROBATSCH'S Complaint seeks damages for bodily injury, pain and suffering, aggravation of a previously existing condition, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization and medical and nursing care and treatment, loss of income, and loss of the capacity to earn money. The losses are either permanent or continuing and Plaintiff will suffer losses into the future [DE1-2, 1-5].

- In addition to the Complaint, TARGET relies upon KROBATSCH'S unequivocal $550,000.00 settlement demand, her settlement demand package including medical records and billing, her back-up documentation in support of her wage loss claim, and documentation of a Conduent lien on behalf of Cigna Health Insurance identifying claimed medical charges related to the February 23, 2020 incident at Target [DE1-8, 1-12]. Based thereon, KROBATSCH damages to date amount to $73,165.16 and are itemized as follows:

| **Itemized Damages** | **Amount** |
|---|---|
| Medical Expenses per Conduent's July 27, 2020 Payout History | $47,580.16 |
| Out of Pocket Co-Pays per the Demand | $1,265.00 |
| Lost Income Past per the Demand | $24,320.00 |
| Lost Income Future | Unknown |
| **Total** | **$73,165.16** |

- The forgoing $73,165.16 is exclusive of KROBATSCH'S claimed damages for pain and suffering, mental anguish, and loss of capacity to enjoy life, and her claim for loss of ability to earn money in the future.

- Per the medical records included in her demand package, KROBATSCH'S medical conditions and symptoms are as follows [DE1-9]:
    • On February 23, 2020, KROBATSCH was evaluated by MD Now Urgent Care for pain in her shoulder, hip, and knee after a fall at Target. Xrays were obtained to evaluate the extent of her injuries.
    • On February 24, 2020, KROBATSCH presented to the emergency department of Boca Raton Regional Hospital with complaints of headaches, nausea, and vomiting after hitting her head due to a slip and fall at Target one day prior. CT scans of KROBATSCH'S cervical spine and brain were obtained. KROBATSCH was diagnosed with a post fall head injury.
    • On February 26, 2020, KROBATSCH was evaluated by orthopedic specialist Dr. Toman for constant, aching, radiating, sharp, stabbing throbbing, progressive and worsening right hip pain associated with swelling, pressure, stiffness, weakness, and limited range of motion; KROBATSCH reported difficulty arising from a seated position, getting in/out of a car, and that her pain interfered with her activities of daily living. She received a trochanteric steroid bursal injection. As to her knee, KROBATSCH complained of pain "all over her knee" which she described as

4

constant, acute, aching, sharp, tender, throbbing, pressure, progressive and worsening. Her pain resulted in gait instability, stiffness, and weakness to her knee. KROBATSCH reported that she had difficulty standing, ascending/descending stairs, kneeling, squatting, walking, sitting, and getting up from a chair.
• KROBATSCH followed-up for her knee and hip complaints at regularly scheduled office visits with orthopedist Dr. Toman; those visits include the following:
  • At her March 11, 2020 visit, Dr. Toman observed her right hip MRI was positive for a labral tear.
  • At her April 14, 2020 visit, Dr. Toman ordered a right knee MRI to evaluate KROBATSCH'S complaints of aching, radiating, dull pain associated with instability, give way, swelling, and weakness to her knee.
  • On April 14, 2020, KROBATSCH endured steroid injections to her right knee and right hip for complaints of continue pain, aching, and stiffness. Dr. Toman advised KROBATSCH to strongly consider surgery for the laberal tear to her hip joint in the future if no relief of her pain and symptoms.
  • At her May 8, 2020 visit, Dr. Toman advised KROBATSCH to consider arthroscopy knee surgery as her MRI was positive for medial meniscus tear.
• KROBATSCH'S primary care physician, Dr. Kubiak, referred KROBATSCH to neurologist Dr. Hammond to evaluate her complaints of dizziness, headache, and blurry vision.
• On March 10, 2020, KROBATSCH presented to Dr. Hammond with complaints of bifrontal daily headaches, nausea, photophobia, phonophobia, ataxia, difficulty with concentration and word-finding problems, fatigue and exhaustion following a head injury. Per Dr. Hammond's observations, KROBATSCH'S CT scan of her brain demonstrated hypodensity in the subcortical white matter in the right parietal area. A MRI of the brain was ordered to further evaluate her brain condition. KROBATSCH was prescribed Topiramate, Cyclobenzaprine, and Floricet to manage her neurological symptoms.
• KROBATSCH followed-up with Dr. Hammond at regularly scheduled office visits for her head injury, cerebral concussion syndrome, and neurological complaints post fall. At her March 17, 2020 visit, Dr. Hammond observed KROBATSCH'S MRI of the brain demonstrated 'prominent T2/FLAIR signal hyperintensity changes in the hemispheric white matter with an abnormal lesion in the right parietal periventricular white matter.'
• At her April 30, 2019 visit, Dr. Hammond noted that KROBATSCH had to take a leave of absence from work because her visual impairment affected her ability to work as a scrub nurse; she could not see the needles to perform correct needle counts and her headaches interfered with her ability to function. An orbital MRI was ordered to evaluate her visual impairment and her acute retro bulbar optic right side neuropathy. Imitrex was prescribed to manage her migraine headaches.
• At her May 29, 2020 visit, Dr. Hammond performed a neurological examination of KROBATSCH. The assessment was ataxia, cervicalgia, neck pain and stiffness, encephalopathy, cerebral concussion post fall at Target (associated with a laceration around KROBATSCH'S forehead and right eye, bruising to both her knees, right arm, and elbow), post-concussion headaches, nausea, light sensitivity, migraine symptoms, bilateral photophobia, and ptosis of the right eyelid.

5

- • As to right eye, KROBATSCH was evaluated by ophthalmologist Dr. Shipley on March 13, 2020, March 14, 2020, and April 21, 2020 for complaints of blurred vision since her fall at Target and diplopia of a four week duration. KROBATSCH was diagnosed with a corneal marginal ulcer and was prescribed medication to treat her eye condition.

- Per the documentation included in her demand package, KROBATSCH supports her wage loss claim as follows [DE1-10]:
    • Dr. Hammond completed and signed his Physician's Statement which provides that KROBATSCH was advised to stop working due to a cerebral concussion sustained on February 23, 2020. KROBATSCH'S symptoms include headache, vertigo, blurred vision, fatigue, and neck pain. Per Dr. Hammond, clinical findings were demonstrated on KROBATSCH'S cervical spine CT (disc disease, straighten lordotic curve) and the MRI of her brain (white matter disease). •
    • On April 27, 2020, KROBATSCH'S supervisor, Dr. Belizon, documented that she was "confused during a routine hernia repair, required frequent reminders and repetitive requests for surgical tools or products needed." She was unable to follow simple directives which interfered with Dr. Belizon's surgical procedure. KROBATSCH complained of dizziness, blurry eyesight, and to sit down during the surgery. [Ex. 10]. Per Dr. Belizon, KROBATSCH was unable to effectively perform her job as a surgical scrub nurse.

Based upon the foregoing, this action is removable to federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the real parties in interest and the amount in controversy exceeds the $75,000.00 threshold for federal jurisdiction.

3. **List of all pending motions.**

There are no pending motions.

4. **A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal.**

TARGET'S filed the Removal Petition; HOFFMANN consents to removal of this case to Federal Court. [DE1-7]

5. **A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceedings is based, or within thirty (30) days after service of summons upon the Defendants(s), if such initial pleading has been filed in court and is not required to be served on the Defendant(s) in the action.**

TARGET'S Notice of Removal has been filed within 30 days of receipt of the initial pleading in accordance with 28 U.S.C. §1446.

Dated this 18th day of September, 2020.

>Respectfully submitted:
>
>BY: */s/ Jon D. Derrevere*
>JON D. DERREVERE, ESQUIRE
>Florida Bar No: 0330132

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>DERREVERE STEVENS BLACK & COZAD
>2005 Vista Parkway, Suite 210
>West Palm Beach, Florida  33411
>Telephone: (561) 684-3222
>Facsimile:  (561) 640-3050
>Email:  jdd@derreverelaw.com
>
>BY: */s/ Jon D. Derrevere*
>JON D. DERREVERE, ESQUIRE
>Florida Bar No: 0330132

## **SERVICE LIST**

**CHRISTINE KROBATSCH versus Target Corporation and Scott Hoffman**

**United States District Court, Southern District of Florida**

Jon D. Derrevere, Esquire
E-mail: jdd@derreverelaw.com
Derrevere Stevens Black & Cozad
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411
Phone: (561) 684-3222
Facsimile: (561) 640-3050
*Attorneys for Defendants,*
*Target Corporation and Scott Hoffman*

Matthew A. Goldberger, Esquire
E-mail: matthew@goldbergerfirm.com
Matthew A. Goldberger, P.A.
1555 Palm Beach Lakes Blvd., Ste. 1400
West Palm Beach, FL 33401
Telephone (561) 659-8337
*Attorney for Plaintiff, Christine Krobatsch*