UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:20-CV-81552-Altman/Brannon

CHRISTINE KROBATSCH,

    Plaintiff,

v.

TARGET CORPORATION and
SCOTT HOFFMANN, as Store Manager,

    Defendants.

_____/

**DEFENDANT, TARGET CORPORATION'S, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND ATTORNEY'S FEES [DE 11] WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant, TARGET CORPORATION ("TARGET"), by and through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files its Response in Opposition Plaintiff's, CHRISTINE KROBATSCH'S ("KROBATSCH") Motion for Remand and Attorney's Fees and states as follows:

**Procedural Background**

1. KROBATSCH filed her state court Complaint alleging personal injuries as a result of a "slip and fall on wine" at the Delray Beach Target store on February 23, 2020. [DE1-2]. KROBATSCH sues SCOTT HOFFMANN ("HOFFMANN") in his capacity "in managing the Delray Beach Target" store on February 23, 2020. TARGET was served with the Complaint on August 13, 2020 and filed its Answer and Affirmative Defenses in response thereto on September 1, 2020. [DE 1-2, 1-3].

2. On September 8, 2020, TARGET timely filed its Removal Petition based on diversity jurisdiction. On October 5, 2020 KROBATSCH filed her Remand Motion contesting the fraudulent joinder of HOFFMANN. The Remand Motion does not contest the amount in

controversy and it is unrefuted that there is diversity of citizenship between KROBATSCH (Florida) and TARGET (Minnesota).

## Removal and the Fraudulent Joinder Standard

3.  The removing party bears the burden of demonstrating that diversity jurisdiction exists. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A District Court must determine whether it has subject matter jurisdiction at the time of removal. *See: Leonard v. Enter. Rent a Car*, 279 F.3d 967 (11th Cir. 2002). To meet its burden, the removing party must show that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000.00. *See: Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001).

4  An action may be removed, and remand should be denied, if a non-diverse defendant is fraudulently joined. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). Fraudulent joinder occurs where there is no possibility that the plaintiff can establish or prove a cause of action against the resident defendant. *Id.* The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005). The standard used to determine fraudulent joinder is similar to that used for evaluating motions for summary judgment under Fed.R.Civ.P. 56(b). *Id.* All questions of fact are to be resolved in favor of the plaintiff. *Id.* However, the Court cannot resolve facts in the plaintiff's favor "based solely on the unsupported allegations in the plaintiff's complaint." *Id.* Although the burden to demonstrate fraudulent joinder is a "heavy one," it is not insurmountable. *Ragbir v. Imagine Schs. of Del., Inc.*, 2009 WL 2423105, (M.D. Fla. 2009). To support a claim against a non-diverse individual, the potential for legal liability must be reasonable, not merely theoretical. *Legg.* As the Eleventh Circuit explained:

> The remand procedure requires that all *disputed* questions of fact be resolved in favor of the non-removing party, as with a summary judgment motion, in determining diversity the mere assertion of metaphysical doubt as to the material facts [is] insufficient to create an issue if there is no basis for those facts. So also as with a summary judgment motion. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when *both* parties have submitted evidence of contradictory facts. *We do not, however, in the absence of proof, assume that the nonmoving party could or would prove the necessary facts*. Id. (emphasis in original passage; internal quotes and citations omitted)

### **Florida Substantive Law**

5.  In applying the fraudulent joinder doctrine as set forth by the Eleventh Circuit to the case *sub judice*, the Court must consider Florida substantive law in evaluating KROBATSCH'S claims against HOFFMANN. While it is true that an individual like HOFFMANN can be sued, the next step in the analysis is whether the pleading and facts set forth in the removal evidence are sufficient to support that claim under Florida law.

6.  It is well established under Florida law that a store manager does not incur personal liability for the corporation's tort merely by reason of her official character. *Siciliano v. Target Corp.*, 2014 WL 12461368 (S.D. Fla. 2014) *citing Orlovsky v. Solid Surf*, 405 So.2d 1363 (Fla. 4th DCA 1981). Likewise, a store manager cannot be held personally liable simply because of his general administrative responsibility for the performance of some function of his employment – he must be actively negligent. *Petigny v. Wal-Mart Stores East*, 2018 WL 5983596 (S.D. Fla. 2018) *citing White v. Wal-Mart Stores, Inc.*, 918 So.2d 357 (Fla. 1st DCA 2006 *Ruscin v. Wal-Mart Stores, Inc*. 2013 WL 12157850 (M.D. Fla. 2013), *Pritchard v. Wal-Mart*, 2009 WL 580425, (M.D. Fla. 2009)

7.  In addition to the allegations asserted against an employee in a Complaint, in order to pursue a claim against a store manager, that person must act in his individual capacity in causing the plaintiff's injuries. *Accordino v. Wal-Mart Stores East*, 2005 WL 3336503, (M.D. Fla. 2005),

*citing Kimmons v. IMC Fertilizer, Inc.*, 844 F.Supp. 738 (M.D. Fla. 1994).  A non-diverse manager of a corporation cannot be liable to plaintiff where the manager did not personally participate in the events giving rise to the plaintiff's accident.  *Ruscin citing Kimmons*.

8.   KROBATSCH'S Complaint fails the first prong of the analysis; standing alone, the allegations in KROBATSCH'S pleading are insufficient to establish a personal claim of individual liability against HOFFMANN.  Additionally, HOFFMANN'S unrefuted affidavit overcomes the bare allegations in KROBATSCH'S pleading.  In accordance with *Sciliano*, *Orlovsky*, and *Pritchard,* HOFFMANN cannot be held liable to KROBATSCH simply because he was the Leader on Duty at the Delray Beach Target store on February 23, 2020 or because he (like other employees) was performing his job by keeping a lookout for liquid, debris, objects, or substances on the floor and by making sure the floors are clean since that is a general obligation applicable to every employee.  HOFFMANN'S affidavit remains unrefuted.  HOFFMANN affirmatively performed those job duties on February 23, 2020 and ***he did not see and was not made aware of the existence of the liquid substance on the store floor that day.***  [DE1-7:¶15].  KROBATSCH'S unverified Complaint does not defeat HOFFMANN'S affidavit.  Because KROBATSCH has not provided any facts demonstrating that HOFFMANN played an individual role in any of the events giving rise to the incident, there is no possibility that KROBATSCH can maintain a cause of action against HOFFMANN.  As a matter of law, HOFFMANN was fraudulently joined. *See: Siciliano*.

## The Allegations in KROBATSCH'S Complaint Fail as a Matter of Law

9.   KROBATSCH'S pleadings, standing alone, fail to establish a claim of individual liability against HOFFMANN under Florida law.  There are no allegations whatsoever that HOFFMANN owed a personal duty to KROBATSCH, that HOFFMANN breached any duty through personal fault in his individual capacity, that HOFFMANN personally participated in any

specific acts giving rise to the incident, or that HOFFMANN personally caused KROBATSCH'S injuries. *See Kalait v. Target Corp.*, 2019 WL 423318 (M.D. Fla. 2019). *Pritchard.* HOFFMANN was fraudulently joined.

10. In conducting the fraudulent joinder analysis, the allegations of KROBATSCH'S Complaint as directed to TARGET and HOFFMANN are evaluated. Count I of the Complaint is directed to TARGET. Count II is directed to HOFFMANN. [DE 1-2].

11. The duty allegations asserted against HOFFMANN in the Complaint mirror the duty allegations asserted against TARGET. In pertinent part, the Complaint alleges as follows:

- TARGET owed to the Plaintiff a non-delegable duty to use reasonable care in the inspection, maintenance, operation, and repair of the above-described premises. It was the duty of TARGET to warn Plaintiff of the dangerous and unsafe condition. Target failed to properly maintain and examine the floors and failed to exercise reasonable care in the cleaning of its floors ¶10,12.
- HOFFMANN owed Plaintiff a duty to use reasonable care in the inspection, maintenance, operation, repair, and cleaning of the above-described premises. HOFFMANN had a duty to provide warnings of any dangerous conditions. HOFFMANN failed to inspect, monitor, and maintain the floors in the area where Plaintiff fell. ¶15,16,17 (Compare Count I and Count II) [DE1-2, 1-5]

12. The Complaint contains no specific allegations regarding HOFFMANN'S personal involvement in the alleged incident. The Complaint does not allege HOFFMANN owed any personal duty to KROBATSCH separate and distinct from the duty allegation directed to TARGET. A generalized duty to inspect, maintain and monitor the floors is insufficient. To establish liability against a "store manager" under Florida law, the Complaint must allege, and Plaintiff must prove, that the manager owed a duty to her and that the duty was breached through personal fault. *White, Petigny, Kalait*. Because the duty allegations set forth in KROBATSCH'S Complaint are wholly insufficient to support a claim against HOFFMANN in his individual capacity, the pleading fails on its face as a matter of law.

13. KROBATSCH has not alleged HOFFMANN was personally responsible or actively negligent in causing her fall. The Complaint is devoid of any allegations as to what HOFFMANN individually did or failed to do to cause the incident or connect HOFFMANN to the wine which allegedly caused KROBATSCH'S fall. Notably, KROBATSCH does not allege that HOFFMANN caused the wine to be on the floor nor that he knew the substance was on the floor before she fell. There is nothing contained in the Complaint supporting any assertion or inference that HOFFMANN was "actively negligent" in causing KROBATSCH'S injuries.

14. Significantly, KROBATSCH'S Complaint contains no specific allegations regarding HOFFMANN' individual involvement in any acts giving rise to the incident which is the subject of this lawsuit. There are no allegations found anywhere in the Complaint asserting that HOFFMANN had personal knowledge of the existence of liquid on the floor before the fall occurred. KROBATSCH does not allege that HOFFMANN personally caused liquid to be on the floor or that HOFFMANN spilled, dropped, placed, or threw the liquid on the floor which caused KROBATSCH'S fall. KROBATSCH does not allege that HOFFMANN knew liquid was on the floor before KROBATSCH fell nor that HOFFMANN was told there was liquid on the floor and blatantly disregarded that warning. Simply put, there is nothing in the Complaint supporting any assertion or inference that HOFFMANN knew there was liquid on the floor before the fall occurred, that HOFFMANN personally caused liquid to be on the floor, nor that HOFFMANN personally caused KROBATSCH'S injuries. Based on the allegations set forth in the pleadings, KROBATSCH cannot establish a claim against HOFFMANN. Therefore, HOFFMANN was fraudulently joined.

15. Under Florida law, a retailer has a non-delegable duty to maintain its premises in a reasonably safe condition; that obligation does not transfer to any individual nor does it create a

personal duty owed by HOFFMANN to KROBATSCH. *Ruscin*. As the Court noted in *Wilson v. Target*, 2010 WL 3632794, (S.D. Fla. 2010), "there is no legitimate reason, other than to defeat jurisdiction, to add an employee of a fully solvent defendant as a party when the employer will be legally responsible for the acts of its agent. If the (manager) is in fact negligent, Target will be held responsible and (plaintiff) will get full satisfaction of any judgment." *Siciliano*, *citing Orlovsky*. The same reasoning applies here.

### HOFFMANN'S Affidavit

16. Because the procedure for resolving a fraudulent joinder claim is based on the summary judgment standard set forth in Rule 56, the Court is obliged to consider HOFFMANN'S affidavit to determine whether KROBATSCH can prove he was actively negligent in causing KROBATSCH'S injuries. *Legg*. Where an affidavit is not undisputed through a counter affidavit or deposition testimony, the Court cannot resolve facts in plaintiff's favor "based solely on the allegations in the complaint." *Siciliano quoting Legg*. Because KROBATSCH has presented no evidence to dispute the facts set forth in HOFFMANN'S affidavit, she cannot prove a claim of liability against HOFFMANN nor can KROBATSCH maintain a cause of action against HOFFMANN. *See: Siciliano*. As a matter of law and fact, the Remand Motion must be denied; HOFFMANN was fraudulently joined solely to defeat diversity jurisdiction.

17. The bare allegations set forth in the Complaint against HOFFMANN have been conclusively defeated by HOFFMANN'S affidavit. HOFFMANN has affirmed that on February 23, 2020 he was employed as TARGET'S executive team leader of general merchandise/food and was the acting Leader on Duty at the Delray Beach store that day. HOFFMANN did not see KROBATSCH fall. HOFFMANN responded to the scene after the incident occurred and completed the Guest Incident Report with information provided by KROBATSCH.

KROBATSCH told HOFFMANN she slipped and fell on a puddle of wine on the floor. Simply put, that is the extent of HOFFMANN'S involvement in the incident on February 23, 2020. HOFFMANN has no personal knowledge as to how or when the wine came to be on the floor of the aisle at the front end of the store.

18. <u>KROBATSCH cannot establish that HOFFMANN personally caused the liquid substance to be on the floor on the date of incident; further, KROBATSCH cannot establish that HOFFMANN had prior personal knowledge of the existence of the liquid on the floor before the fall occurred</u>. HOFFMANN'S affidavit [DE 1-7] negates any personal liability on his part. Therein, HOFFMANN specifically attests that he "did not place, spill, drop or throw any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020." HOFFMANN did not personally cause a liquid substance to be on the floor on the date of the incident. Likewise, HOFFMANN did not have prior personal knowledge of the existence of wine or any liquid substance on the floor in or near the front end aisle or any place else on the store floor before KROBATSCH fell. In this regard, HOFFMANN attests as follows: [DE 1-7]:

- I did not see Ms. Krobatsch fall. I responded to the front end of the store after the incident occurred.
- I completed the attached Guest Incident Report [Exhibit 1] with information provided from Ms. Krobatsch. Ms. Krobatsch told me she slipped and fell on a puddle of wine on the floor. I saw Ms. Krobatsch sign the Guest Incident Report. After the Guest Incident Report was completed, I gave a copy to Ms. Krobatsch.
- I did not place, spill, drop, or throw any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they spilled, dropped, placed, saw, or was aware of any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they saw someone spill, place, or drop any liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.
- Prior to the incident, I did not hear anyone say they saw a liquid substance on the floor in or near the front end of the store or anywhere else in the store on February 23, 2020.

- Prior to the incident, I did not see anyone spill, place or drop any liquid substance on the floor in or near the front end of the store or anywhere in the store on February 23, 2020.
- Prior to this incident, I was not aware of anyone slipping or falling in or near the front end of the store. Similarly, prior to this incident, I was not aware of anyone falling in the front end of the store as a result of a liquid substance.
- I do not know how or when the liquid substance came to be on the floor in the front end of the store on February 23, 2020.
- I have no personal knowledge as to how or when the liquid came to be on the floor in the front end department.
- On February 23, 2020, I kept a look out for liquid, debris, objects and substances on the floor.  Prior to the incident on February 23, 2020, I did not see and was not made aware of the existence of the liquid substance on the store floor that day.

Based upon the foregoing, HOFFMANN did not personally participate in the events giving rise to KROBATSCH'S fall.  HOFFMANN'S affidavit unequivocally defeats the unsupported allegations set forth in KROBATSCH'S Complaint and constitutes unrebutted evidence demonstrating his fraudulent joinder.

19.	KROBATSCH has adduced no evidence to rebut HOFFMANN'S Affidavit. Based thereon, KROBATSCH cannot prove her claim against KROBATSCH. As a matter of fact and law, HOFFMANN was fraudulently joined solely to defeat diversity jurisdiction.

20.	In *Kalit*, Plaintiff filed a negligence Complaint against Target and store manager Figueroa for injuries sustained as a result of a slip and fall at a Jacksonville store.  The Complaint alleged that Figueroa was personally liable for Kalit's injuries because "Figueroa as the store manager was directly responsible for maintaining and operating the store, was personally involved in tortious conduct, and breached her duty to maintain the store in a reasonably safe condition."  Figueroa testified that she responded to the scene after the incident occurred, she did not see Kalit fall, and she did not have any personal knowledge regarding the fall.  Target removed the case to Federal Court asserting "Figueroa was fraudulently joined because no possible cause of action exists under Florida law that would permit Figueroa to be held individually liable for Kalit's injuries."  Kalit's remand

motion contended the Complaint plead a viable negligence claim against Figueroa. Kalit supported her assertion by adding that she had testified Figueroa admitted to her that the substance on the floor was caused by an employee of the store whom Figueroa supervised. Based thereon, Kalit argued that a claim existed against Figueroa for her "failure to properly hire, train and supervise employees inside the store that was managed by her."

In rejecting Kalit's arguments, Judge Howard found the non-diverse store manager was fraudulently joined because the "Complaint contained no specific allegations regarding Figueroa's personal involvement in the alleged tortious conduct and Figueroa's unrefuted testimony confirmed she did not witness the fall or personally participate in the events giving rise to accident." Finding that there was nothing in the record to support an inference that Figueroa had prior knowledge of any unsafe condition at the store or that she personally played any role in causing Kalit's fall, Judge Howard dismissed Figueroa from the case because she was fraudulently joined solely to defeat diversity.

21.     In *Siciliano*, Plaintiff filed a negligence Complaint against Target and store manager Morrison for injuries sustained as a result of a slip and fall on a "Dino Illustrated World Placemap" at a West Palm Beach Target store. The Complaint alleged Morrison owed a duty to Siciliano to "exercise reasonable care to ensure her safety and to warn and protect her against reasonably foreseeable risks to her safety and well-being." The Complaint further alleged "that Morrision was negligent by failing to remove or warn Siciliano about the object on the floor, failing to follow standard operating procedures relating to identifying, reporting, and correcting the hazard, and by failing to properly train Target staff with regard to identifying reporting, and correcting the hazard." In confirming that he was fraudulently joined, Judge Scola considered Morrison's affidavit in which he affirmed he did not place or drop the placemap or any other vinyl/plastic object on the floor, he

was not aware that it was on the floor, and he had no knowledge of any hazardous condition on the floor on the date of the incident. In evaluating the affidavit, Judge Scola found Morrison's undisputed affidavit conclusively established he was not personally involved in the incident. Because Siciliano did not present any evidence to overcome Morrison's affidavit and because Siciliano failed to adduce any facts to demonstrate that Morrison played any role in her accident, Judge Scola determined that there was no possibility that Siciliano could maintain a cause of action against Morrison. Based thereon, Morrison was fraudulently joined to defeat diversity and the Remand Motion was denied.

22. In *Petigny*, Plaintiff sued Wal-Mart and assistant store manager Pericles for injuries she sustained as a result of a slip and fall on a grape. In response to Petigny's remand motion, Wal-Mart submitted Pericles' affidavit in support of its position that Pericles was fraudulently joined solely to evade removal. Pericles' affirmed that she was not in the area where the incident occurred prior to Petigny's fall, Pericles and her employees visually inspect the store for transitory substances and hazards, and Pericles had no prior knowledge of the dangerous condition, nor did she participate in the incident. In analyzing the allegations plead by Petigny, Judge Moreno held as follows:

> Plaintiff's Amended Complaint does not contain factual allegations that Pericles was personally at fault or actively negligent. Plaintiff does not allege facts showing that Pericles caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of Plaintiff's incident prior to same in order to correct it. Here, the defendant has provided a sworn declaration of Ms. Pericles refuting Plaintiff's conclusory allegations in the Amended Complaint.

In evaluating the affidavit, Judge Moreno noted that Pericles was not in the area where the incident occurred prior to Plaintiff's fall or during the incident. Because there was no evidence that Ms. Pericles personally participated in tortious conduct, Judge Moreno concluded Pericles cannot be held personally liable for negligence under Florida law. Judge Moreno dismissed Pericles from

the law suit and found that Wal-Mart met its burden to establish fraudulent joinder as there was no possibility on the record evidence that Petigny could maintain an action against the non-diverse store manager in light of the bare conclusory allegations set forth in the Complaint and the undisputed affidavit denying any personal fault or active negligence on the part of Pericles.

23. The bare allegations set forth in KROBATSCH'S Complaint against HOFFMANN have been conclusively defeated by his affidavit. KROBATSCH cannot prove her claim against HOFFMANN as TARGET'S store manager because the unverified allegations in the Complaint have been overcome by HOFFMANN'S undisputed sworn testimony. The allegations contained in the Complaint are insufficient to establish personal liability against HOFFMANN. Applying the summary judgment standard set forth in Fed.R.Civ.P. 56(b), TARGET has met its burden to demonstrate that HOFFMANN was not actively negligent in causing KROBATSCH'S fall. HOFFMANN was fraudulently joined. There is no basis for holding HOFFMANN personally liable to KROBATSCH.

24. As in *Kalit, Siciliano,* and *Petigny*, there is *no possibility* that KROBATSCH can maintain a negligence claim against HOFFMANN in his individual capacity. KROBATSCH has not plead and cannot prove an individual claim against HOFFMANN (TARGET'S general merchandise/food department manager serving as Leader on Duty at the Delray Beach store) because the unverified bare and conclusory allegations in the Complaint have been overcome by HOFFMANN'S affidavit. Applying the summary judgment standard of Fed.R.Civ.P. 56(b), TARGET has met its burden. HOFFMANN was fraudulently joined solely to defeat diversity jurisdiction. HOFFMANN should be dismissed as a defendant from this case. Complete diversity exists between KROBATSCH (Florida), and TARGET (Minnesota) pursuant to 28 U.S.C. §1332. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

**KROBATSCH'S Request for Fees should be denied.**

25. TARGET'S removal Petition is supported by record evidence, including KROBATSCH'S Complaint, the Guest Incident Report, HOFFMANN'S affidavit, KROBATSCH'S settlement demand, and her medical records and billing. TARGET'S removal is backed with controlling legal authorities and principles to support its position. Because TARGET has "an objectively reasonable basis for removal, fees should not be awarded under 28 U.S.C. §1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (225).

**Conclusion**

26. A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy. *Petigny*, *Thomas v. Big Lots Stores, Inc.*, 2011 WL 303569 (M.D. Fla. 2011). Based on HOFFMANN'S unrefuted affidavit, TARGET has demonstrated by competent evidence that HOFFMANN was fraudulently joined solely to defeat diversity jurisdiction. HOFFMANN did not owe KROBATSCH an individual duty under Florida law and, more significantly HOFFMANN was not personally and actively negligent in causing KROBATSCH'S fall. *See: Siciliano*, *Petigny, Kalit*, *Tynes v. Target Corp.*, 2013 WL 1192355, (S.D. Fla. 2013), *Ruscin*.

27. KROBATSCH has not made any effort to refute TARGET'S removal evidence; there is nothing in the record supporting any of the bare, unverified allegations asserted against HOFFMANN. The fact that one slips and falls on a floor does not constitute evidence of negligence *Sammon v. Target Corp.*, 2012 WL 3984728, (M.D. Fla. 2012); the fact that an employee is performing his job or a task which is a function of his employment does not create liability on the part of the employee. *White.* Under Florida law, a retailer has a non-delegable duty to maintain its premises in a reasonably safe condition; however, that obligation does not transfer

to any specific individual nor does it create a personal duty owed by HOFFMANN to KROBATSCH merely because he performed his job. *Ruscin*, *White*. Based upon the removal evidence and the foregoing legal authorities, HOFFMANN was fraudulently joined to destroy diversity and his citizenship must be disregarded as a matter of law. As a matter of fact and law, KROBATSCH'S remand motion should be denied; removal is proper. Complete diversity exists between KROBATSCH (Florida) and TARGET (Minnesota) and the amount in controversy exceeds $75,000.00. TARGET has met its burden to support removal, and this Court has original jurisdiction over this action.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of October, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, Florida  33411
Telephone: (561) 684-3222
Facsimile:  (561) 640-3050
Email:  jdd@derreverelaw.com

BY:  */s/ Jon D. Derrevere*
JON D. DERREVERE, ESQUIRE
Florida Bar No: 0330132

## SERVICE LIST

**CHRISTINE KROBATSCH versus Target Corporation and Scott Hoffman**
**United States District Court, Southern District of Florida**
**CASE NO.: 9:20-CV-81552-RKA**

| | |
|---|---|
| Jon D. Derrevere, Esquire<br>E-mail: jdd@derreverelaw.com<br>Derrevere Stevens Black & Cozad<br>2005 Vista Parkway, Suite 210<br>West Palm Beach, FL 33411<br>Phone: (561) 684-3222<br>Facsimile: (561) 640-3050<br>*Attorneys for Defendants,*<br>*Target Corporation and Scott Hoffman* | Matthew A. Goldberger, Esquire<br>E-mail: matthew@goldbergerfirm.com<br>Matthew A. Goldberger, P.A.<br>1555 Palm Beach Lakes Blvd., Ste. 1400<br>West Palm Beach, FL 33401<br>Telephone (561) 659-8337<br>*Attorney for Plaintiff, Christine Krobatsch* |